```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | | |
|---|---|---|
| MARY MABLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:09-cv-123 |
| | § | |
| NAVASOTA INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### ORDER

Pending before the court[1] is Defendant's Motion to Exclude Expert Testimony (Docket Entry No. 50). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES IN PART**, **GRANTS IN PART** Defendant's Motion to Exclude Expert Testimony (Docket Entry No. 50).

### I. Case Background

Plaintiff Mary Mable ("Plaintiff"), an African-American female,[2] filed this action against Defendant Navasota Independent School District ("Defendant"), her former employer, under Title VII of the Civil Rights Act of 1964[3] and 42 U.S.C. § 1981. Plaintiff alleges that Defendant, her employer, failed to promote or properly compensate her for racially discriminatory reasons; that Defendant

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 41.

[2] See Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 37-1, Ex. A, Affidavit of Plaintiff, p. 2.

[3] 42 U.S.C. §§ 2000e-2000e-17.

discharged Plaintiff from employment on March 3, 2008, in retaliation for her opposition to Defendant's racially discriminatory practices; and that Defendant is liable for the race-based hostile work environment created by her supervisor, Principal Ray Wilson.[4]

By Orders dated June 25, 2009, and December 16, 2009, the court ordered Plaintiff to designate her expert witnesses by "listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion."[5] On December 29, 2009, Plaintiff filed its Designation of Expert Witnesses, naming Jennifer Devoke, D.O., ("Dr. DeVoke") as an expert witness on the issue of Plaintiff's medical health.[6] The designation included only Dr. DeVoke's name, address, and telephone number, along with the statement: "De. DeVoke's medical notes have been produced as though fully incorporated herein."[7] These notes included only eight pages of typewritten medical notes, dated between September 11, 2008, and November 18, 2009; one handwritten note on a prescription form, dated November 18, 2009; and one receipt for payment, also dated November 18, 2009.[8] The deadline for filing

---

[4] See Plaintiff's Amended Complaint, Docket Entry No. 10.

[5] Order, Docket Entry No. 27.

[6] Plaintiff's Designation of Expert Witnesses, Docket Entry No. 29, p. 3.

[7] Id. The medical notes were not included as part of Plaintiff's designation, but Defendant has submitted them to the court. Exhibits to Defendant's Motion, Docket Entry No. 51. Plaintiff has made no suggestion that the notes submitted by Defendant are incomplete. See generally Plaintiff's Response to Defendant's Motion, Docket Entry No. 55.

[8] Exhibits to Defendant's Motion, Docket Entry No. 51.

expert witness reports was March 12, 2010,[9] but Plaintiff has provided no further materials with respect to Dr. DeVoke.

## II. Motion to Exclude Expert Testimony

In its motion to exclude Dr. DeVoke's testimony, Defendant argues: (1) that Dr. DeVoke's testimony is irrelevant and therefore inadmissible; (2) alternatively, that if Dr. DeVoke's testimony is admissible, it should be limited to her direct treatment of Plaintiff; and (3) Dr. DeVoke's testimony does not qualify as expert testimony under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993).[10]

The court first notes that Defendant's first argument, as it applies to Dr. DeVoke's proposed non-expert testimony, and Defendant's second argument are both prematurely made as part of Defendant's motion to exclude expert testimony. Rather, they should be made as part of a motion in limine before the trial court. Thus, the first two arguments are overruled at this time but may be renewed by a later pre-trial motion in limine.

The court next turns to Defendant's third argument with respect to the proffered expert testimony of Dr. DeVoke. Defendant argues that Plaintiff has neither provided evidence supporting Dr. DeVoke's qualifications to testify as an expert witness nor shown that her opinion would be reliable and relevant to the facts at

---

[9] Order, Docket Entry No. 27.

[10] Defendant's Motion to Exclude Expert Testimony, Docket Entry No. 50; Defendant's Reply to Plaintiff's Response to Motion to Exclude Expert Testimony, Docket Entry No. 56.

issue in the case.

"To qualify as an expert, the witness must have such knowledge or experience in [her] field or calling as to make it appear that [her] opinion or inference will probably aid the trier in his search for truth." U.S. v. Hicks, 389 F.3d 514, 524 (5th Cir. 2004) (internal quotations and citations omitted). Additionally, Federal Rule of Evidence 702 states that an expert may be qualified based on "knowledge, skill, experience, training, or education . . . ." See also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 151 (1999) (discussing witnesses whose expertise is based purely on experience).

Plaintiff has provided absolutely no evidence with respect to Dr. DeVoke's experience, training, knowledge, skill, or education that would allow her to testify in this case as an expert witness. As Defendant concedes, this does not mean that Dr. DeVoke does not possess such credentials; rather, it means that the court does not have sufficient evidence before it to evaluate her credentials and, thus, there is no way for the court to determine that Plaintiff is qualified to present an expert opinion.

The federal rules of evidence and related case law also require that an expert's testimony be both relevant and reliable. See Fed. R. Evid. 702; Kumho Tire Co., 526 U.S. at 152; Smith v. Goodyear Tire & Rubber Co., 495 F.3d 224, 227 (5th Cir. 2007). The burden of establishing this predicate for the expert's testimony falls on the party producing the expert. Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998). The trial judge decides

4

whether the evidence is relevant and sufficiently reliable so as to be admitted.  Moore, 151 F.3d at 276.  To be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702; Daubert, 509 U.S. at 591.  Reliability hinges on the sufficiency of the facts or data upon which the opinion is based, the dependability of the principles and methods employed, and the proper application of the principles and methods to the facts of the case.  Fed. R. Evid. 702; Smith, 495 F.3d at 227.

Among the factors to be considered in determining reliability of scientific testimony are: 1) the extent to which the theory can be tested or has been tested; 2) whether the theory has been subject to peer review and publication; 3) potential rate of error for the technique used and the existence of standards and controls; and 4) whether the underlying theory or technique is generally accepted as valid by the relevant scientific community.  Daubert, 509 U.S. at 593-94.  These factors are neither exclusive nor dispositive, and the factors which are relevant will vary from expertise to expertise and case to case.  See Fed. R. Evid. 702, Advisory Committee Notes.

Testimony that is not scientific in nature is better judged by examining whether the expert has sufficient personal knowledge, work experience, or training to support the opinions offered.  See Fed. R. Evid. 702; Kumho Tire Co., 526 U.S. at 150-51.  If the opinion is based solely or primarily on experience, the witness must connect the experience to the conclusion offered, must explain

5

why the experience is a sufficient basis for the opinion, and must demonstrate the appropriateness of the application of the experience to the facts.  Fed. R. Evid. 702, Advisory Committee Notes.  The bottom line is:

> The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded.

Id.

Here, again, Plaintiff has provided nothing to the court indicating what opinion Dr. DeVoke would be providing at trial. Plaintiff has not submitted anything with respect to Dr. DeVoke's opinions, their reliability, or their relevance to this case. Dr. DeVoke's fewer than ten pages of treatment notes may be relevant in support of her testimony as a fact witness; however, they provide no basis for allowing Dr. DeVoke to testify as an expert witness.

Plaintiff argues, however, that she is under no duty to produce a detailed report from Dr. DeVoke because Dr. DeVoke is Plaintiff's treating physician.  Under Federal Rule of Civil Procedure ("Rule") 26(a)(2)(B), designated testifying experts must produce detailed reports, but only "if the witness is one retained or specially employed to provide expert testimony in the case . . . ."  See Hamburger v. State Farm Mut. Auto Ins. Co., 361 F.3d 875, 883 n.4 (5th Cir. 2004).  "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."  Fed. R. Civ. P. 26(a)(2)(B) at Advisory

Committee's note to the 1993 Amendment. Thus, a plaintiff's treating physician is not bound by the Rule 26 reporting requirements.

However, as the Fifth Circuit discussed in <u>Cleveland ex rel. Cleveland v. United States</u>, 457 F.3d 397 (5th Cir. 2006), testimony that goes beyond the scope of a treating physician's area of expertise does not meet the <u>Daubert</u> test for reliability and may be properly excluded. Here, as already discussed, Plaintiff has not provided the court with any indication of Dr. DeVoke's qualifications; thus, there is no way to ascertain the extent of Dr. DeVoke's expertise. Therefore, Dr. DeVoke may not be permitted to testify about anything outside of a permissive core of issues relating to her examination, diagnosis, and actual treatment of Plaintiff. In other words, Dr. DeVoke may only testify as to facts and opinions that were not produced specifically in preparation for this lawsuit.[11]

Accordingly, Defendant's motion to exclude or limit Dr. DeVoke's testimony is **DENIED IN PART**, **GRANTED IN PART**.

### III.  Conclusion

Based on the foregoing, the court **DENIES IN PART**, **GRANTS IN PART** Defendant's Motion to Exclude Expert Testimony (Docket Entry No. 50).

**SIGNED** in Houston, Texas, this 27th day of July, 2010.

---

[11] The court reiterates that it is only determining the maximum extent to which Dr. DeVoke may testify, but that, within this permissive core of issues relating to her examination, diagnosis, and actual treatment of Plaintiff, the trial court may choose to exclude additional testimony on the basis of a motion in limine.

/s/ Nancy K. Johnson
Nancy K. Johnson
United States Magistrate Judge